PER CURIAM.
An opinion was filed in this cause; thereafter, Dade County was permitted to intervene for the purpose of filing petition for rehearing. The petition of the appel-lee and the petition of the intervenor for a rehearing of the cause were granted and the cause came on for reargument.
The court is of the opinion that it had overlooked a controlling provision of the Metropolitan Charter, that is, Section 1.01 (A) 13, which reads as follows:
“Adopt and enforce uniform building and related technical codes and regulations for both the incorporated and unincorporated areas of the county; provide for examinations for contractors and all parties engaged in the building trades and for the issuance of certificates of competency and their revocation after hearing. Such certificates shall be recognized and required for the issuance of a license in all municipalities in the county. No municipality shall be entitled to require examinations or any additional certificate of competency or impose any other conditions for the issuance of a municipal license except the payment of the customary fee. The municipality may issue building permits and conduct the necessary inspection in accordance with the uniform codes and charge fees therefor.”
Therefore the previously filed opinion is withdrawn and vacated. It further appears that the controlling question in this appeal was passed upon by the Supreme Court of Florida in the case of City of Miami Beach v. Cowart, Fla.1959, 116 So.2d 432. In accordance therewith the judgment of the lower court must be and is hereby affirmed.
Affirmed.